UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LONNIE J. LOUCKS,<br><br>          Petitioner,<br><br>     v.<br><br>D.W. NEVEN, et al.,<br><br>          Respondents. | Case No. 2:12-cv-00881-MMD-CWH<br><br>ORDER |

The petitioner has presented the Court with a motion for appointment of counsel (ECF No. 2), a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (received May 23, 2012) and an application to proceed *in forma pauperis* (ECF No. 1).

The petitioner's application to proceed *in forma pauperis,* including the financial certificate, establishes that the petitioner qualifies for *in forma pauperis* status. He shall be granted leave to proceed *in forma pauperis,* and shall not be required to pay the filing fee for his habeas corpus petition. The motions will be ordered filed and docketed.

The motion for appointment of counsel shall be denied without prejudice at this time. The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding.

*Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims.  See *Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).  The claims in this case are not especially complex.  Also, the Court notes that the petition is drafted in an understandable and organized manner, which demonstrates to the Court that petitioner is able to fairly present his claims.  Petitioner's motion shall be denied.

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware.  If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim.  *See* 28 U.S.C. §2254(b) (successive petitions).  If petitioner is aware of any claim not included in his petition, he should notify the Court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

**IT IS THEREFORE ORDERED** that petitioner's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**.   Petitioner shall not be required to pay a filing fee to file his habeas corpus petition.

**IT IS FURTHER ORDERED** that the motion for appointment of counsel (ECF No. 2) is **denied**.

**IT IS FURTHER ORDERED** that the Clerk shall **FILE** and **ELECTRONICALLY SERVE** the petition (ECF No. 1-1) upon the respondents.

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45)** days from entry of this order within which to answer, or otherwise respond to, the petition.  In their answer or other response, respondents shall address any claims presented by petitioner in his petition as well as any claims presented by petitioner in any amended petition or statement of additional claims.  Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of

exhaustion and procedural default.  **Successive motions to dismiss will not be entertained**.  If an answer is filed, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.  If an answer is filed, petitioner shall have **forty-five (45) days** from the date of service of the answer to file a reply.

**IT FURTHER IS ORDERED** that any state court record exhibits filed by respondents herein shall be filed with a separate index of exhibits identifying the exhibits by number or letter.  The CM/ECF attachments that are filed shall further be identified by the number or numbers (or letter or letters) of the exhibits in the attachment.  The hard copy of any additional state court record exhibits shall be forwarded – for this case – to the staff attorneys in Reno.

**IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the Attorney General of the State of Nevada a copy of every pleading, motion, or other document he submits for consideration by the Court.  Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Attorney General.  The Court may disregard any paper that does not include a certificate of service.  After respondents appear in this action, petitioner shall make such service upon the particular Deputy Attorney General assigned to the case.

ENTERED THIS  14th day of June 2012.

_____
UNITED STATES DISTRICT JUDGE