UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LONNIE J. LOUCKS,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>D.W. NEVEN, et al.,<br><br>　　　　　　Respondents. | Case No. 2:12-cv-00881-MMD-CWH<br><br>ORDER |

In this action on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, respondents have moved to dismiss the petition on grounds that the petition is moot, that the petition is untimely, and that the grounds contained in the petition are either unexhausted or fail to present a justiciable claim for relief. (Dkt. No. 6.)  Petitioner opposed the motion (dkt. No. 9), then sought leave to amend his opposition (dkt. no. 10). Leave was granted and petitioner filed his amended response (dkt. no. 12). Respondents replied (dkt. no. 13) and petitioner filed an unauthorized response to the reply (dkt. no. 14), which the Court will not consider. The petition shall be dismissed.

**I.     PROCEDURAL HISTORY**

Petitioner entered into a negotiated plea agreement in case number C240661 in the Eighth Judicial District Court of Nevada on May 22, 2008, and pled guilty to two counts of open or gross lewdness, felonies carrying possible sentences of one to four

year terms. Ex. 2.[1] He was sentenced to two concurrent terms of 12 to 36 months and the judgment of conviction was entered on August 1, 2008. Ex. 4.

No direct appeal was filed, but on October 28, 2010, petitioner filed a Motion to Strike or Reduce Felony Convictions. Ex. 5. This motion sought to have petitioner's negotiated felony convictions declared unlawful because the requisite prior gross misdemeanor conviction had been reduced to a misdemeanor upon his successful completion of probation in that case. The reduction of the gross misdemeanor occurred on August 30, 2010, two years after the negotiated guilty plea in the instant case. *See id.,* exhibit 1, Clark County District Court Second Amended Judgment in case number 02C182251, entered September 1, 2010. The motion to strike was denied on December 21, 2010 (Ex. 7), and petitioner appealed. The appeal was dismissed on March 18, 2011. Ex. 8.

Two months later, on June 6, 2011, petitioner filed a petition for writ of coram nobis/mandamus (Ex. 10), which the state court construed as a petition for writ of habeas corpus and dismissed as time-barred on July 27, 2011. Ex. 13. Petitioner appealed and the Nevada Supreme Court denied relief on January 12, 2012. The Nevada Supreme Court noted that the district court had improperly construed the petition as one for habeas corpus relief because petitioner's sentence on the 2008 conviction had expired and petitioner therefore could not fulfill the custody requirement under the habeas statute. Ex. 18 at 2.

The petitioner then filed a true petition for post-conviction relief (Ex. 14), a motion to correct an illegal sentence (Ex. 15) and a motion to amend (Ex. 16) on November 15, 2011. The state district court dismissed that petition as time-barred on February 23, 2012. Ex. 21. The appeal of that matter was decided on November 14, 2012, when the

---

[1] The exhibits referenced in this Order were submitted by respondents in support of their motion to dismiss and may be found in the Court's record at dkt. nos. 7 and 13-1. Petitioner was originally charged with one felony and one gross misdemeanor, but agreed to plead to the second felony conviction as part of the negotiated plea. *See* Exs. 1, 3.

Nevada Supreme Court determined that the petition was not cognizable, because petitioner's sentence on the 2008 conviction had expired four months before he filed his state post-conviction petition. Ex. 27 (found at dkt. 13-1) at 2.

Petitioner filed his federal petition pursuant to 28 U.S.C. § 2254 on May 23, 2012. Respondents move to dismiss as noted above.

## II.  DISCUSSION

### A.  Custody Requirement and Mootness

Respondents argue that the petition is subject to dismissal because petitioner cannot satisfy the custody requirement of 28 U.S.C. § 2254. They acknowledge that petitioner remains in custody on other charges, but provide evidence that the sentence for the 2008 conviction under attack in this case was expired on March 1, 2010. *See* Exs. 24, 25.

Pursuant to 28 U.S.C. § 2254(a), "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (Emphasis added.) This "in custody" requirement has been interpreted to mean that federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is "under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S.Ct. 1923 (1989) (*per curiam*).

Collateral consequences to a conviction may extend beyond the actual time of incarceration, nullifying any mootness defense to a habeas petition which was filed while the petitioner was still incarcerated, but undecided at the time of his or her release. *Id.* at 492, 109 S.Ct. 1923. However, "once the sentence imposed for a conviction has completely expired, the collateral consequences of the conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.*; *Feldman v. Perrill*, 902 F.2d 1445 (9th Cir.1990) (interpreting *Maleng* and concluding

///

1  that under *Maleng*, even when collateral consequences significantly harm habeas
2  petitioners, the harm is not the relevant "in custody" inquiry).

3  Petitioner has not been in custody under the 2008 conviction in case number
4  C240661 since March 1, 2010. Because petitioner cannot satisfy the "in custody"
5  requirement, the Court lacks jurisdiction to entertain his habeas petition under 28 U.S.C.
6  § 2254. The petition will therefore be dismissed.[2]

7  **III.  CERTIFICATE OF APPEALABILITY**

8  Should petitioner wish to appeal this decision, he must receive a certificate of
9  appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v.
10 Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006); *see also United States v. Mikels*, 236
11 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial
12 showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.*;
13 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner
14 must demonstrate that reasonable jurists would find the district court's assessment of the
15 constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484). In order
16 to meet this threshold inquiry, the petitioner has the burden of demonstrating that the
17 issues are debatable among jurists of reason; that a court could resolve the issues
18 differently; or that the questions are adequate to deserve encouragement to proceed
19 further. *Id.*

20 Pursuant to the December 1, 2009, amendment to Rule 11 of the Rules
21 Governing Section 2254 and 2255 Cases, district courts are required to rule on the
22 certificate of appealability in the order disposing of a proceeding adversely to the
23 petitioner or movant, rather than waiting for a notice of appeal and request for certificate

---

[2]The Court does not see a need to address respondents' alternative arguments. However, the Court notes that because the judgment of conviction was entered on August 1, 2008, and the first legal challenge to the conviction or sentence was not initiated until more than two years later, on October 28, 2010, the one-year statute of limitations imposed under 28 U.S.C. § 2244(d) had long expired, rendering any properly filed federal petition untimely.

1  of appealability to be filed. Rule 11(a). This Court has considered the issues raised by
2  petitioner with respect to whether they satisfy the standard for issuance of a certificate of
3  appealability and determines that none meet that standard. The Court will therefore
4  deny petitioner a certificate of appealability.
5       IT IS THEREFORE ORDERED that the Motion to Dismiss (dkt. no. 6) is
6  GRANTED. The petition is DISMISSED WITH PREJUDICE. No certificate of
7  appealability shall issue.
8       The Clerk shall enter judgment accordingly.

10       ENTERED THIS 11th day of February 2013.

                                                      MIRANDA M. DU
                                                      UNITED STATES DISTRICT JUDGE